IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| King Grant-Davis,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Patricia Felker, Frampton McLeod Gwynette,<br>P. Steven Rublee, and Thomas W. Uhde,<br><br>　　　　　Defendants. | Case No.: 4:19-cv-3468-SAL<br><br><br>**OPINION AND ORDER** |

This matter is before the Court for review of the July 15, 2021 Report and Recommendation of United States Magistrate Thomas E. Rogers, III (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 81]. In the Report, the Magistrate Judge recommends that Defendants' motion for judgment on the pleadings, or in the alternative, motion to dismiss, ECF No. 48, be granted. *Id.* The Magistrate Judge also recommends that Plaintiff's motion for judgment on the pleadings, ECF No. 69, be denied, and that this case be dismissed. *Id.* Plaintiff filed timely objections to the Report, ECF No. 84. Plaintiff also filed a motion for relief from the Magistrate Judge's order, ECF No. 80, which denied Plaintiff's motion to amend, ECF No. 46. The Magistrate Judge explains his reasoning for denying Plaintiff's motion to amend in the Report. *See* [ECF No. 80, p.2] ("Here, allowing Plaintiff to amend his amended complaint would be futile for the reasons set forth in the Report and Recommendation filed herewith."). Accordingly, this Court will review Plaintiff's motion for relief with the objections to the Report. The matter is ripe for ruling. For the reasons outlined herein, the Court adopts the Report in its entirety.

1

## BACKGROUND

In the Report, the Magistrate Judge set forth the background of this action thoroughly. The Court adopts this background in full without a recitation.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct

the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Generally construing Plaintiff's filings, he asserts seven specific objections to the Report. Plaintiff contends the Magistrate Judge erred by:

1. Finding that Defendants' motion should be granted despite a lack of evidence;

2. Failing to consider Plaintiff's proffered evidence;

3. Failing to consider Plaintiff's cross motion for judgment on the pleadings;

4. Applying faulty legal analysis to Plaintiff's procedural due process claim;

5. Denying Plaintiff's motion to amend his complaint to add a substantive due process claim;

6. Denying Plaintiff's motion to amend his complaint to add the Institute of Psychiatry as a Defendant;

7. Considering any claim under 42 U.S.C. § 9501 or state statutes because Plaintiff did not intend to assert any such claim.

[ECF Nos. 84, 87]. The Court will review *de novo* each section of the Report to which Plaintiff specifically objected.

## DISCUSSION

**I.     It is not necessary for Defendants to put forward evidence in order to prevail on a motion for judgment on the pleadings or a motion to dismiss.**

Plaintiff argues that the Magistrate Judge erred by granting Defendants' Rule 12(c) motion despite Defendants' failure to put forward any evidence. The Magistrate Judge recommended this Court grant Defendants' motion for judgment on the pleadings or, in the alternative, motion to dismiss for failure to state a claim. [ECF No. 48]. Because the Defendants filed the motion after filing their answers, the Magistrate Judge properly considered the motion one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[1] *See Cont'l Cleaning Serv. v. United Parcel Serv., Inc.*, 1999 WL 1939249 (M.D.N.C. 1999) (holding that the key difference between a motion for judgment on the pleadings and motion to dismiss for failure to state a claim is that the court considers the answer as well as the complaint). In considering a motion for judgment on the pleadings, the trial court is required to view the facts presented in the *pleadings*. 5C Charles A. Wright et al., *Federal Practice and Procedure* § 1368 (3d ed. 2004) (emphasis added). In a motion for judgment on the pleadings, a defendant is not required to come forward with evidence. Instead, the defendant must show that the complaint does not contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (articulating the standard for a motion under Rule 12(b)(6); *Pulte Home Corp. v. Montgomery Cty., Maryland*, 909 F.3d 685, 691 (4th Cir. 2018) (the standard of review for motions made pursuant to Rule 12(c) is the same). Accordingly, it was not error for the Magistrate Judge to recommend granting

---

[1] This decision made no substantive difference. The standard of review for motions made pursuant to Rule 12(c) and Rule 12(b)(6) is the sane. *Pulte Home Corp. v. Montgomery Cty., Maryland*, 909 F.3d 685, 691 (4th Cir. 2018).

Defendants' motion for judgment on the pleadings without evidence from the Defendants. The objection is overruled.

II.  **The Magistrate Judge properly declined to consider the documents submitted by either party outside of the pleadings.**

Plaintiff contends that the Magistrate Judge erred by declining to consider Plaintiff's evidence that he submitted outside of the pleadings. Federal courts have complete discretion to determine whether to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it. 5C Charles A. Wright et al., *Federal Practice and Procedure* § 1366 (3d ed. 2004). The same is true for a 12(c) motion. *Pulte Home Corp* 909 F.3d at 691. The Magistrate Judge was within his authority to decline to consider submissions outside of the pleadings, and he properly did so. [ECF No. 81, p.5]. Plaintiff's objection is overruled.

III. **Once the Magistrate Judge found that Defendants' motion for judgment on the pleadings should be granted, Plaintiff's cross-motion became moot.**

Plaintiff argues that the Magistrate Judge erred by considering only Defendants' motion for judgment on the pleadings without considering his own cross-motion for judgment on the pleadings. Once the Magistrate Judge determined that Defendants' motion should be granted, Plaintiff's motion for judgment on the pleadings became moot. Where several forms of relief are requested and one of these requests subsequently becomes moot, the Court has still considered the remaining requests. *Powell v. McCormack*, 395 U.S. 486, 496 (1969); *Standard Fashion Co. v. Magrane-Houston Co.*, 258 U.S. 346, 353 (1922). The Magistrate Judge did consider Plaintiff's cross-motion for judgment on the pleadings. However, the Magistrate Judge determined that Defendants' motion should be granted, which rendered Plaintiff's request for relief moot. Plaintiff's objection is overruled.

### IV.     Plaintiff fails to state a procedural due process claim.

Plaintiff contends that the Magistrate Judge applied faulty legal analysis to his procedural due process claim.  Accordingly, this Court will determine whether Plaintiff states a procedural due process claim *de novo*.

The Fourteenth Amendment provides that "no state shall make or enforce any law which shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  To establish a procedural due process violation, a plaintiff must show "deprivation by state action of a constitutionally protected interest in life, liberty, or property . . . without due process of law." *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 80 (4th Cir. 2016) (emphasis and internal quotation marks omitted).  Evaluating a procedural due process claim is therefore a two-step inquiry.  The Court must determine: (1) whether the plaintiff was deprived of a constitutionally protected interest in life, liberty, or property; and (2) whether the actor imposing the deprivation satisfied constitutionally mandated protections. *Nelson v. Baltimore City Police Dep't*, 991 F.2d 790 (4th Cir. 1993).

The Fourth Circuit has not specifically addressed whether an individual has a protected liberty interest in receiving outpatient mental health treatment.  However, other courts have held that no such liberty interest exists. *See Biggs v. Legrand*, No. 15CV452TSL-RHW, 2016 WL 6127406, at *8-9 (S.D. Miss. Oct. 20, 2016), *aff'd sub nom. Biggs by & through Biggs v. Legrand*, 706 F. App'x 820 (5th Cir. 2017) (holding that a former state mental hospital patient had no protected liberty interest in continued treatment after being discharged from the hospital. Once discharged, "she no longer had any liberty interest in receiving substantive services from the state."); *JL v. New Mexico Dep't of Health*, 165 F. Supp. 3d 996, 1011 (D.N.M. 2015) (holding that "upon termination of an involuntary commitment, the corresponding duty to provide substantive services

6

that arose upon commitment necessarily also ceases, and the general rule that a state has no duty to provide its citizens with affirmative services or protection again controls"); *Clay v. DeBoer*, No. 1:15-CV-880, 2015 WL 5593426, at *4 (W.D. Mich. Sept. 21, 2015) (concluding that "[b]ecause Petitioner has no liberty interest in parole, it follows that he has no interest in any particular condition of that parole, such as placement in an outpatient treatment program). Because Plaintiff does not allege that he was deprived of a constitutionally protected interest in life, liberty, or property, he fails to state a procedural due process claim. The objection is overruled.

### V.     The Magistrate Judge properly found that allowing Plaintiff to amend his complaint to add a substantive due process claim would be futile.

Plaintiff argues that the Magistrate Judge erred by denying Plaintiff's motion to amend his complaint to add a substantive due process claim. The Magistrate Judge found that the amendment would be futile. This Court reviews the determination *de novo*.

A "substantive due process" claim relies upon the Fifth and Fourteenth Amendments' guarantee of "due process of law" to include a substantive component, which forbids the government to infringe certain "fundamental" liberty interests *at all,* no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest. *Reno v. Flores*, 507 U.S. 292, 301–02 (1993) (citing *Collins v. Harker Heights,* 503 U.S. 115, 125 (1992); *United States v. Salerno, supra,* 481 U.S. 739, 746 (1987); *Bowers v. Hardwick,* 478 U.S. 186, 191 (1986)). For the same reason Plaintiff cannot state a procedural due process claim, he cannot state a substantive due process claim: there is no fundamental liberty interest in outpatient mental health treatment. Plaintiff's objection is overruled.

### VI.    The Magistrate Judge properly found that allowing Plaintiff to amend his complaint to add the Institute of Psychiatry as a defendant would be futile.

Plaintiff contends that the Magistrate Judge erred by denying Plaintiff's motion to amend his

complaint to add the Institute of Psychiatry as a defendant. In the Report, the Magistrate Judge noted that only public entities, not individual defendants, are subject to the provisions of Title II of the ADA. [ECF No. 81, p.10]. Plaintiff argues that, had the Magistrate Judge allowed him to amend his complaint, his claim under Title II of the ADA would not have been dismissed. However, Plaintiff misreads this portion of the Report.

In the Report, the Magistrate Judge notes, as an initial matter, that the individual Defendants are not subject to the provisions of Title II of the ADA. *Id.* However, the Magistrate goes on to consider the merits of Plaintiff's claim against the public entity in evaluating whether the amendment to the complaint would be futile. *Id.* at 10-12. The Magistrate Judge found, and this Court agrees, that Plaintiff failed to plead allegations establishing a factually plausible claim that he was denied benefits or services "by reason of [his] disability." *Id.* at 12. After a *de novo* review, this Court agrees with the Magistrate Judge's analysis of Plaintiff's ADA claim. Accordingly, this Court agrees that amending the complaint to add the Institute of Psychiatry would have been futile. Plaintiff's objection is overruled.

## VII.   Plaintiff clarifies that he did not intend to assert any claim under 42 U.S.C. § 9501 or state law.

Plaintiff claims that the Magistrate Judge erred by considering any claim under 42 U.S.C. § 9501 or state statutes because Plaintiff did not intend to assert any such claim. The Magistrate Judge found that Plaintiff could not assert a claim under 42 U.S.C. § 9501 and that the Court should decline to exercise supplemental jurisdiction over any state law claim. [ECF No. 81, p.13]. The Court notes Plaintiff's clarification, but the Magistrate Judge's consideration of these claims did not affect the outcome. Accordingly, this objection is moot.

**CONCLUSION**

After reviewing the portions of the Report to which no objection was made for clear error, the Court finds none and adopts these portions of the Report. After a *de novo* review of the portions of the Report to which Plaintiff specifically objected, Court adopts the Report in full and hereby incorporates the Report by reference herein. For the reasons discussed above, and in the Report, Defendants' motion for judgment on the pleadings, or in the alternative, motion to dismiss, ECF No. 48 is GRANTED. Plaintiff's motion for judgment on the pleadings, ECF No. 69, and Plaintiff's motion for relief, ECF No. 87, are DENIED. This action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

/s/Sherri A. Lydon
August 12, 2021                                         Sherri A. Lydon
Florence, South Carolina                        United States District Judge